Requestor: Sandra L. Berman, Esq., Town Attorney Town of Smithtown P.O. Box 575 Smithtown, New York 11787
Written by: Patrick Barnett-Mulligan, Assistant Attorney General
This is in response to your office's request for an Attorney General's opinion as to the authority of various employees of the Town of Smithtown to impound motor vehicles under the Vehicle and Traffic Law.
Article 20 of the Vehicle and Traffic Law governs the suspension and revocation of motor vehicle registrations and licenses to operate motor vehicles. Vehicle and Traffic Law §§ 510, et seq. Section511 of the Vehicle and Traffic Law makes it a criminal offense to operate a motor vehicle while the operator's license is suspended or revoked. Section 511-b provides that under certain circumstances, "an officer" may impound the motor vehicle being operated by the unlicensed operator.[1] Vehicle and Traffic Law § 511-b(1).See, generally, 1987 Ops Atty Gen (Inf) 68, 74, 147.
Your office's letter raises general questions as to who is authorized to order the impoundment of motor vehicles under section 511-b. Initially, we note that section 511-b does not authorize the seizure of a motor vehicle independent of an arrest or the issuance of a summons or an appearance ticket. Furthermore, the seizure can be ordered only when the operator is charged with aggravated unlicensed operation of a motor vehicle in the first or second degree; and only when that offense is committed in the officer's presence. Vehicle and Traffic Law §511-b(1). It follows that only those public servants who are authorized to arrest and/or issue appearance tickets for those crimes are authorized to order the impoundment of a motor vehicle pursuant to Vehicle and Traffic Law § 511-b; see, 1989 Op Atty Gen (Inf) 128.
Section 100.10 of the Criminal Procedure Law provides that only police officers, or "other public servant[s] authorized by law" may issue appearance tickets for motor vehicle violations. CPL §100.10(2)(a). Section 150.20 of the Criminal Procedure Law also contains authorization for public servants, other than police officers, to issue appearance tickets for certain crimes when they have been authorized to do so by "state law or local law enacted pursuant to the provisions of the municipal home rule law." CPL §150.20(3). In a 1989 opinion, however, we concluded that municipalities may not authorize public servants other than police or peace officers to issue appearance tickets for traffic infractions which are moving violations. 1989 Op Atty Gen (Inf) 128. See, People vNeuschatz, 88 Misc.2d 433 (App Term 2d Dept 1975), affd, 40 N.Y.2d 935
(1976); People v Woodford, 85 Misc.2d 213 (Nassau Co Ct 1975).
The question raised in your office's letter is whether park rangers and code enforcement officers empowered by the Town of Smithtown are authorized to issue appearance tickets for moving violations under the Vehicle and Traffic Law, and, in turn, whether they are authorized to impound motor vehicles pursuant to section 511-b.
Under the Criminal Procedure Law, park rangers in Suffolk County are classified as peace officers. CPL § 2.10(9). As such, the park rangers are authorized to make warrantless arrests and to issue appearance tickets when acting pursuant to their special duties. CPL § 2.20. The muncipality determines the scope of the peace officer's special duties. Formal Opinion No. 90-F14; 1982 Op Atty Gen 36. Your office has informed us that the town has charged the park rangers with the duty to enforce all provisions of the Vehicle and Traffic Law. Accordingly, assuming that the rangers are authorized to make arrests and issue appearance tickets for violations of section511 of the Vehicle and Traffic Law, they are also authorized to impound vehicles pursuant to section 511-b.
You have also asked whether the town's code enforcement inspectors are authorized to impound motor vehicles pursuant to section 511-b. Unlike park rangers who work in the County of Suffolk, the town's code enforcement inspectors are not classified as peace officers under the Criminal Procedure Law and, accordingly, are not authorized to issue appearance tickets for moving violations of the Vehicle and Traffic Law. 1989 Op Atty Gen (Inf) 128. Code enforcement inspectors, therefore, are not authorized to enforce moving violations of the Vehicle and Traffic Law or impound motor vehicles pursuant to section 511-b
of the Vehicle and Traffic Law.
We conclude that park rangers employed by the Town of Smithtown, Suffolk County, are authorized, as peace officers, to issue uniform traffic tickets under the Vehicle and Traffic Law, and also to impound motor vehicles pursuant to section 511-b of the Vehicle and Traffic Law. Code enforcement inspectors employed by the town are not authorized to issue uniform traffic tickets for moving violations or impound motor vehicles under section 511-b of the Vehicle and Traffic Law.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.
[1] The relevant provision of section 511-b reads as follows:
"1. Upon making an arrest or upon issuing a summons or an appearance ticket for the crime of aggravated unlicensed operation of a motor vehicle in the first or second degree committed in his presence, an officer shall remove or arrange for the removal of the vehicle to a garage, automobile pound, or other place of safety where it shall remain, impounded, subject to the provisions of this section if: (a) the operator is the registered owner of the vehicle or the vehicle is not properly registered; or (b) proof of financial security is not produced; or (c) where a person other than the operator is the registered owner and, such person or another properly licensed and authorized to possess and operate the vehicle is not present. The vehicle shall be entered into the New York statewide police information network as an impounded vehicle and the impounding police department shall promptly notify the owner and the local authority that the vehicle has been impounded."